**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 10 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ORIENTA PARK SECOND, WICHITA,
KS, also known as 2827 West Maxwell,
Wichita, KS, located at Lots 55, 57, and
59, Block 10,

        Defendant.

TYRONE M. CLARK,

        Claimant - Appellant,

MARGARET M. CLARK,

        Claimant.

Case No. 96-3228

(D.C. 95-1246-FGT)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

---

    *   This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Tyrone Maurice Clark appeals the district court's order denying his motion to dismiss.[1] Mr. Clark contends that his previous criminal conviction and forfeiture of $100,000 prohibit the present civil forfeiture action under the Double Jeopardy Clause, U.S. Const. amend. V, cl. 2. We affirm the district court's denial of the motion to dismiss.[2]

## I.  BACKGROUND

After obtaining a criminal conviction against Mr. Clark, the government initiated an action under 21 U.S.C. § 881(a)(7), seeking civil forfeiture of certain real property,

---

[1]    On December 2, 1996, Mr. Clark filed a completed application to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. That request is granted. In accord with the Prison Litigation Reform Act ("PLRA") of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996), however, Mr. Clark is obligated to make an initial partial payment equal to 20 percent of the greater of: (a) the average monthly deposits to his prison account for the last six months, or (b) the average monthly balance in his account for the previous six-month period. See PLRA § 101(a) (to be codified at 28 U.S.C. § 1915(b)(1)). Thereafter, Mr. Clark shall make a monthly payment every time his balance reaches $10.00. Mr. Clark is required to make monthly payments of 20% of the previous month's income.

[2]    Mr. Clark did not attach the district court's order to his brief as is required by our rules. See 10th Cir. R. 28.2(d).

Orienta Park Second, the named defendant in this action. Mr. Clark moved to dismiss the case, alleging that the forfeiture was barred by double jeopardy in light of his previous conviction.

## II. DISCUSSION

The government urges that we dismiss the appeal on the ground that the district court's denial of the motion to dismiss was not a final, appealable order under 28 U.S.C. § 1292. However, in Abney v. United States, 431 U.S. 651 (1977), the Supreme Court held that pretrial denials of double jeopardy claims are immediately appealable because "the Double Jeopardy Clause would be significantly undermined if appellate review . . . were postponed until after conviction and sentence." Id. at 660. The Double Jeopardy Clause is designed to protect against subsequent trial, not merely subsequent conviction. See id. at 661-62. Thus, a "double jeopardy challenge . . . must be reviewable before that subsequent exposure [at trial] occurs." Id. at 662. Therefore, we hold that Mr. Clark may properly appeal the district court order denying his motion to dismiss.

However, the appeal must fail on its merits. In United States v. Ursery, __ U.S. __, 116 S.Ct. 2135 (1996), the Supreme Court held that in rem civil forfeiture does not constitute punishment under the Double Jeopardy Clause. Id. at __, 116 S. Ct. at 2142. Thus, we affirm the district court's denial of Mr. Clark's motion to dismiss.

## III. CONCLUSION

Because <u>in rem</u> civil forfeiture does not constitute punishment under the Double Jeopardy Clause, we AFFIRM the district court order denying the motion to dismiss.[3] The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge

---

[3] This appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii) for purposes of counting "prior occasions" under 28 U.S.C. § 1915(g). A prisoner may not proceed under 28 U.S.C. § 1915 if he has, on three or more prior occasions, filed frivolous actions or had matters dismissed for failure to state a claim for relief. 28 U.S.C. § 1915(g).